UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLEIDISTON DE MOURA,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, PATRICIA HYDE, Field Office Director, MICHAEL KROL, HIS New England Special Agent in Charge, TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement, and KRISTI NOEM, U.S. Department of Homeland Security,<br><br>Respondents. | Civil Action No. 1:25-cv-13058-IT |

## MEMORANDUM & ORDER

October 27, 2025

TALWANI, D.J.

Petitioner Gleidiston De Moura is a Brazilian national who entered the United States without inspection in July 2021. Pet. ¶ 1 [Doc. No. 1]; Notice to Appear [Doc. No. 8-1]. On July 22, 2021, he was initially "taken into custody as authorized by section 236 of the Immigration and Nationality Act."[1] Warrant for Arrest of Alien [Doc. No. 8-2]. That same day, he was released on his own recognizance "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act[.]" Not. of Custody Determination [Doc. No 8-3]. He was scheduled for an immigration court hearing in October 2026. EOIR Automated Case Information [Doc. No. 8-4]. On October 16, 2025, he was arrested by U.S. Immigration and Customs Enforcement ("ICE") and transported to the Plymouth Detention Facility in Plymouth,

---

[1] This statutory section is codified at 8 U.S.C. § 1226.

Massachusetts, where he is currently detained. Pet. ¶ 2 [Doc. No. 1]. Now pending before the court is his Petition for Writ of Habeas Corpus [Doc. No. 1] asserting that "he may be detained, if at all, pursuant to 8 U.S.C. § 1226(a)" and that "[u]nder § 1226(a) and its associated regulations, [he] is entitled to a bond hearing." Id. ¶¶ 27–28.[2]

In response, Respondents assert, inter alia, that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2). Resp't Abbrev. Response 2 [Doc. No. 7]. Respondents also "acknowledge that the questions of law in this case, and the challenges to the government's policy and practice, substantially overlap with those at issue in" Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), and Elias Escobar v. Hyde, 2025 WL 2823324 (D. Mass. Oct. 3, 2025), and that "[s]hould the Court apply the same reasoning it did in those cases to this one, the legal principles espoused in those cases would likely warrant the same conclusion here." Id. at 8.

Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds the reasoning in Doe and Elias Escobar remains correct. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (citing cases reaching the same conclusion).

Accordingly, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows. No later than November 3, 2025, De Moura must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on

---

[2] Also pending is Respondents' motion for dismissal of all Respondents other than Antone Moniz as they are not Petitioner's custodian. Resp't Abbrev. Response 2 n.2 [Doc. No. 7]. That motion is DENIED where Petitioner's "ultimate legal custodian has been ICE," Flores Salazar v. Moniz, 2025 WL 1703516, at *5 (D. Mass. June 11, 2025), his physical place of detention is subject to transfer under the supervision of the remaining Respondents, and this court would retain jurisdiction despite such transfer, see generally Order Concerning Service of Petition and Stay of Transfer or Removal [Doc. No. 5].

2

<u>Matter of Yajure Hurtado</u>, 29 I&N Dec. 216 (BIA 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain De Moura in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

    IT IS SO ORDERED.

October 27, 2025                      /s/ Indira Talwani
                                                                      United States District Judge